IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHELLE M. MORGAN,<br><br>      Plaintiff,<br><br>v.<br><br>RELIANT PRO REHAB, LLC d/b/a RELIANT REHABILITATION,<br><br>      Defendant. | NO. 4:20-cv-379<br><br><br><br>COMPLAINT |

COMES NOW Michelle M. Morgan, by and through her undersigned counsel and for her Complaint, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Michelle M. Morgan ("Plaintiff"), is an individual residing in Altoona, Polk County, Iowa.

2. Defendant, Reliant Pro Rehab, LLC d/b/a Reliant Rehabilitation ("Reliant") is a Texas corporation with a principal place of business in Texas and rehabilitation clinics all around the country, including one located in Altoona, Iowa.

3. This Court has personal jurisdiction over the parties to this lawsuit.

4. Plaintiff timely filed discrimination charges against Reliant with the Iowa Civil Rights Commission ("ICRC"), as well as with the Equal Employment Opportunity Commission ("EEOC"). On October 19, 2020, a Notice of Right to Sue Letter was issued by the ICRC, and the EEOC. Copies of this letter is attached hereto as Exhibit "1" and is incorporated herein by this reference. Plaintiff has filed this suit within 90 days of the EEOC's issuance of the Right to

Sue letter from the ICRC and the EEOC. Accordingly, Plaintiff has satisfied all jurisdictional and administrative prerequisites to the filing of this Petition.

5.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred in this judicial district.

## FACTUAL ALLEGATIONS

6.     At all relevant times herein, Plaintiff was employed by Reliant as a licensed Physical Therapist.

7.     Plaintiff was hired by the company in May 2018 and was working full-time helping clients their physical therapy treatment needs.

8.     Plaintiff has almost 30 years of continued experience working as a physical therapist professional. During those years, Plaintiff developed experience in performing physical therapy services directly to patients and developed her managerial, oversight, and training skills to help her perform other functions necessary to industry.

9.     On or about June 24, 2019, Plaintiff was working directly with a patient when the patient began to fall. To prevent the fall, Plaintiff immediately attempted to correct the patient's balance with a gait belt causing Plaintiff to sustain a severe lower back injury.

10.    Shortly thereafter, Plaintiff was placed on temporary work restrictions for this injury by her authorized worker's compensation medical provider, Dr. Todd Harbach.

11.    After that day, Reliant indicated to Plaintiff that she would be taken off work while she was recovering from her work injuries and under temporary work restrictions.

12.    Unfortunately, Plaintiff's last day of performing work at Reliant was on or about July 1, 2019. She was never returned back to work at Reliant, in any capacity whatsoever.

13. On or about September 23, 2019, Plaintiff's FMLA leave rights were exhausted. However, Plaintiff communicated her desire to remain with the company and continue working, even in a modified duty arrangement.

14. In January of 2020, Plaintiff received an email from the company representative that informed her she had been terminated from her employment.

15. When Plaintiff followed up on this issue, she was told by this same company representative that the termination email was in error and that she was not actually terminated, and still employed with Reliant.

16. Reliant reversed that decision, later in January 2020, and ultimately terminated Plaintiff's employment. However, this was not immediately communicated to Plaintiff.

17. Of note, this termination decision occurred prior to the time Dr. Harbach returned Plaintiff to work with temporary restrictions, releasing Plaintiff from medical care, or placing Plaintiff at MMI.

18. Instead, by February 2020, Dr. Harbach was indicating his belief that Plaintiff could return to work with only a 50-pound weightlifting restriction.

19. Later that month, Dr. Harbach provided Plaintiff with a full release for work, without restriction.

20. In March 2020, an FCE was performed. It placed Plaintiff in the light-duty category of work.

21. Throughout this timeframe, Reliant did return Plaintiff to work even in her recommended light duty capacity.

22. At no time did Reliant explore any alternative working arrangements for Plaintiff that would allow her to utilize her many years of experience or expertise in the industry.

23. At no time did Plaintiff's temporary inability to return to work create an undue hardship for Reliant, if Plaintiff had been kept on as an employee.

24. At no time did Reliant attempt to determine if Plaintiff could perform the essential functions of her job with reasonable accommodations.

25. At no time did Plaintiff communicate or collaborate with Plaintiff to determine what her long-term work capabilities might be, following her workplace injury.

26. Instead, Reliant simply became aware that Plaintiff was restricted and refused to return Plaintiff to work in any capacity whatsoever.

27. Plaintiff has not returned to work, for any employer, since last working at Reliant.

28. Due to Reliant's refusal to accommodate Plaintiff's disabilities and temporary work restrictions, Plaintiff was subsequently forced to miss work because of the ongoing problems with her back.

29. Finally, in April 2020, Plaintiff received an email from a representative at Reliant indicating that her position had been eliminated and that she had been terminated from her employment.

## FIRST CLAIM FOR RELIEF
(American with Disabilities Act - 42 U.S.C.A. § 12101 et seq.)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 29, as if fully set forth herein.

31. Reliant is an employer as defined by 42 U.S.C.A. § 12111(5)(A).

32. Plaintiff was an employee of Reliant as defined by 42 U.S.C.A. § 12111(4).

33. For the timeframe in question, Plaintiff was a "qualified individual" as defined by 42 U.S.C.A. §12111(8) who, with or without reasonable accommodations, was able to perform essential functions of the employment position she held with Reliant.

34. Beginning on or about June 24, 2019, Reliant discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by denying Plaintiff reasonable accommodations in the workplace.

35. In or about January 2020, Reliant discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by effectively terminating Plaintiff's employment because of an actual or perceived disability.

36. Reliant's violations of the American with Disabilities Act, as amended, has proximately caused Plaintiff to suffer special damages consisting of lost Wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in her favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and for such other amounts as allowed by law.

**SECOND CLAIM FOR RELIEF**
**(Retaliation Under the American with Disabilities Act - 42 U.S.C.A. §12203(a))**

37. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 36 above, as if fully set forth herein.

38. While employed by Reliant, Plaintiff engaged in activity protected under the American with Disabilities Act by requesting reasonable accommodations in the workplace for her actual disability.

39. Beginning in or about January 2020, Reliant took adverse employment action against Plaintiff by refusing to accommodate her actual disability and subsequently terminating her employment on at the end of January 2020.

40. As a direct result of Reliant's retaliation, Plaintiff suffered special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in her favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and for such other amounts as allowed by law.

### THIRD CLAIM FOR RELIEF
(Iowa Civil Rights Act - I.C.A. §216.6)

41. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 40 above, as if fully set forth herein.

42. Reliant is an employer as defined by I.C.A. §216.2(7).

43. Plaintiff was an employee of Reliant as defined by I.C.A. §216.2(6).

44. Plaintiff suffers from a "disability" as defined by I.C.A. §216.2(5).

45. For the timeframe in question, Plaintiff was otherwise qualified, with or without reasonable accommodation, to perform the essential functions of the employment position she held with Reliant.

46. Beginning in or about June 2019, Reliant discriminated against Plaintiff in violation of the Iowa Civil Rights Act by denying Plaintiff reasonable accommodations in the workplace.

47. At the end of January 2020, Reliant discriminated against Plaintiff in violation of the Iowa Civil Rights Act by effectively terminating Plaintiff's employment because of an actual or perceived disability.

**48.**  Reliant's violations of the Iowa Civil Rights Act has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in her favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, attorney's fees, costs, and for such other amounts as allowed by law.

## FOURTH CLAIM FOR RELIEF
### (Retaliation under the Iowa Civil Rights Act - I.C.A. §216.11(2))

**49.**  Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 45 above, as if fully set forth herein.

**50.**  While employed by Reliant, Plaintiff engaged in activity protected under the Iowa Civil Rights Act by requesting reasonable accommodations in the workplace for her actual disability.

**51.**  Beginning in or about June of 2019, Reliant took adverse employment action against Plaintiff by refusing to accommodate her actual disability and subsequently terminating her employment in January 2020.

**52.**  As a direct result of Reliant's retaliation, Plaintiff suffered special damages consisting of lost wages, plus general damages.

**WHEREFORE,** Plaintiff Michelle M. Morgan prays for judgment against Defendant Reliant Rehabilitation Holding in an amount that will fully compensate Plaintiff for her damages, including all applicable finance charges/costs, pre- and post-judgment interest at the highest rate allowed by law, for the costs of this action, reasonable attorney's fees, and for such relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues in Des Moines, Iowa.

Respectfully submitted,

_____
Benjamin R. Merrill, AT0009789

BROWN, WINICK, GRAVES, GROSS, AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2487
Facsimile:   515-323-8587
E-mail: ben.merrill@brownwinick.com

ATTORNEY FOR PLAINTIFF